DECISION
The defendant, Paul R. Hallam, moves pursuant to Super.Ct.R.Crim.Proc. 9.1, to dismiss a charge of maintaining a narcotics nuisance.
Specifically, the information charges that "Paul R. Hallam, on a day and date between August 29, 2000 and September 13, 2000, . . . did unlawfully, knowingly keep a building, to wit, a dwelling located at 132 Pontiac Street which was used for the unlawful sale, use and keeping of a controlled substance, to wit, Ketamine . . . ."
The defendant argues that the information package does not disclose any proof that Paul Hallam owned or rented the location at 132 Pontiac Street.
It must be noted that all other counts in this eight count information charge co-defendant, Michael Conetta, with various drug offenses. Mr. Hallam is the sole defendant in count eight.
To sustain a charge under the statute in question the State must prove that the defendant "owned or controlled" the premises purported to be the common nuisance. It is insufficient to prove that the defendant was merely present, or even resided, at the particular address. The purpose of the statute is to punish those who allow places owned or controlled by them to be used for illicit and unlawful activities. It is clear that the defendant did not own the building in question so the Court must determine whether or not he "controlled" the premises, i.e. by being the party to a lease or oral rental agreement.
The references to defendant Hallam in the information are as follows:
 Police Narrative: "On 8-31-00 Det. Saccoccia again met with defendant Connetta at 132 Pontiac Street, Warwick. Once at that location he met defendant Hallum, identified as the renter of the apt. along with defendant Connetta." (emphasis supplied).
 Statement of Det. Saccoccia (undated):
 "I responded to 132 East Street [sic], Warwick, R.I. Once there I entered this apt. where I met Mike along with several other individuals including the renter of the apt. who was later identified as Paul Hallam."
 Statement of Det. Saccoccia (undated):
 "I telephoned Mike at Paul Hallam's apt. located at 132 Pontiac St., Warwick, R.I."
 Statement of Det. Saccoccia (undated):
 "Mike then attempted to run into Hallam's apt." (132 Pontiac St.)
The statements "identifying" defendant Hallam as the renter of the apartment are conclusory and based on hearsay. The Court recognizes that hearsay statements can be properly relied upon for making a probable cause determination. For example, if the identifier was the landlord of the building the requisite evidence of "control" would be established. If indeed the defendant was the renter, or a renter, he would have control over the premises. A simple statement from his landlord would suffice. Other indications of control over the property include rent receipts, or bills in the defendant's name to that address which are connected to the maintenance of the premises, such as telephone, gas, oil, or electric bills; a mailbox with defendant's name on it. There is no evidence of any such indicia in the information packet.
Although defendant Michael Connetta is also referred to in the package as a co-renter he was not charged with maintaining a narcotics nuisance. Yet, it was defendant Connetta, it is alleged, who met with the undercover detective at 132 Pontiac Street to sell him drugs on August 29, August 31, September 8 and September 13. The defendant was present only on August 31 when it is alleged he and defendant Connetta partook in a drug related conversation with the detective. Defendant Connetta informed the detective that his Ketamine supplier, "Nick", would be over shortly." "Nick" in fact did appear at the apartment and, with defendant Connetta, delivered Ketamine to the detective. Defendant Connetta is referred to in the packet as a renter and resident of 132 Pontiac Street. The affidavit for the warrant for his arrest lists 132 Pontiac Street as his address. Yet the Warwick Police Department case report lists his address as 45 Beckwith Street, Cranston, Rhode Island.
There is no evidence whatsoever that defendant Hallam had a proprietary interest in the apartment except for the bald assertion, from some unidentified source, that he was "the renter." This mere surmise cannot suffice as proof that the defendant maintained or controlled the premises. Since this basic element of the offense cannot be gleaned from the information packet the issue of recurrent or habitual behavior is moot. The defendant's motion to dismiss is granted. Counsel shall prepare an order to conform to this decision.